**STAR–KIST FOODS, INC., Plaintiff,**

v.

**UNITED STATES, and U.S. Department of Commerce, Defendants,**

and

**The Government of the Republic of the Philippines, et al., Intervenors.**

**Court No. 83–12–01711.**

United States Court of International Trade.

Dec. 6, 1984.

Howrey & Simon, Washington, D.C. (Keith E. Pugh, Jr., John F. Bruce, Kevin P. O'Rourke, Michael K. Brown, Washington, D.C.), for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Francis J. Sailer and A. David Lafer, U.S. Dept. of Justice, Civil Division, Washington, D.C., for defendants.

Baskin & Steingut, P.C., Washington, D.C. (Herbert E. Harris II and Cheryl Ellsworth, Washington, D.C.), for the intervenors.

### Memorandum and Order

FORD, Judge:

This action, instituted under Section 516A(a)(2) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2), contests a final affirmative countervailing duty determination by the International Trade Administration of the United States Department of Commerce covering canned tuna from the Philippines. (48 Fed.Reg. 50,133, October 31, 1983).

Before the Court are motions related to the content of and accessibility to the administrative record in this case. Plaintiff has moved to supplement the administrative record and for a protective order to permit disclosure of certain documents contained therein. Defendants partially oppose both the above motions and have cross-moved for a protective order barring disclosure.

The administrative record, presently consists of 293 documents (A.R. 1–293). Subsequent to the filing of the instant motions, the administrative record was amended to reflect the addition of ten documents sought in the motion to supplement.[1] Plaintiff's present motion to supplement involves five documents.[2] The motions per-

taining to disclosure encompass thirty documents in all.[3]

Defendants oppose the motion to supplement, maintaining the five documents sought to be included are not properly part of the administrative record. Defendants cross-move for a protective order barring the release of all or certain portions of the following documents, contained in the administrative record, to which plaintiff seeks access: A.R. 14, 16, 23, 25, 61, 62, 67, 76, 115 and 284–291. Additionally, defendants cross-move to bar disclosure of a document not sought, A.R. 9, in its entirety. These cross-motions are based upon claims of privilege, i.e., state secrets and deliberative process, asserted by the heads of the agencies whose documents are involved. There are no objections to the disclosure of seven documents previously classified pursuant to Executive Order No. 12356 but since declassified in their entirety (A.R. 3, 11, 43, 116, 122, 292, 293). These documents have been released as part of public record and are available to plaintiff.

Plaintiff claims the documents excluded from the administrative record contain information considered by the International Trade Administration in reaching its final countervailing duty determination. In moving for disclosure of the classified portions of documents in the administrative record, plaintiff contends defendants have not met their burden of justifying privileged status. Plaintiff also argues any claim of privilege has been waived through defendant's delay and that the protective order provides the necessary safeguards should the documents be disclosed.

Of initial concern to the Court is plaintiff's motion to supplement the administrative record. 19 U.S.C. § 1516a(b)(2)(A) provides the administrative record for the purposes of this action is to consist of:

---

1. A.R. 293, 284, 285, 286, 287, 292, 288, 289, 290, 291.

2. Cable—U.S./Philippine Bilaterals—the investment climate—4/27/83; Cable—Treasury/Philippine Finance Ministry Consultations, May 3—5/10/83; Cable—Treasury/Philippine Finance Ministry—5/10/83; Cable—Treasury/Philip-

pine Finance Ministry—5/10/83; Paper—title—"Questions on Philippine Export Subsidies"—5/17/83.

3. A.R. 3, 9, 11, 14, 16, 23, 25, 43, 61, 62, 67, 76, 115, 116, 122, 284–293, and the five documents subject to the motion to supplement.

(i) a copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission during the course of the administrative proceeding, including all governmental memoranda pertaining to the case and the record of ex parte meetings required to be kept by section 777(a)(3) [19 USCS § 1677f(a)(3)]; and

(ii) a copy of the determination, all transcripts or records of conferences or hearings, and all notices published in the Federal Register.

These provisions were defined in more practical terms in *Beker Industries Corp. v. United States*, 7 CIT ——, where the Court found the scope of the record for purposes of judicial review to be the "information which was before the relevant decision-maker at the time the decision was rendered."

■ Plaintiff became aware of the five subject documents by virtue of several Freedom of Information Act inquiries. The documents consist of four cables between United States and Philippine Government agencies and a paper on Philippine Export Subsidies. Defendants assert the documents involved were never presented to or obtained by the Commerce Department during the course of the administrative investigation. In support of this assertion, defendants have filed the Declaration of Robert F. Seely, Senior Counsel for Policy in the Office of Assistant General Counsel for Import Administration. While the descriptions of the documents at issue connote an arguable relevance to the administrative proceeding below, the sworn, uncontradicted declaration of the agency official responsible for such documentation must be seen as determinative. Plaintiff's motion to supplement the administrative record must, therefore, be denied.

Turning to the motion and cross-motions pertaining to disclosure of the "classified" portions of the administrative record, the Court first looks to the applicable statutory provisions covering such matters. 28 U.S.C. § 2641(b) provides:

(b) The Court of International Trade may order that trade secrets and commercial or financial information which is privileged and confidential, or any information provided to the United States by any foreign government or foreign person, may be disclosed to a party, its counsel, or any other person under such terms and conditions as the court may order.

19 U.S.C. § 1516a(b)(2)(B) further provides:

(B) Confidential or privileged material. The confidential or privileged status accorded to any documents, comments, or information shall be preserved in any action under this section. Notwithstanding the preceding sentence, the court may examine, in camera, the confidential or privileged material, and may disclose such material under such terms and conditions as it may order.

■ Under the foregoing statutes, this Court is explicitly empowered and has been granted discretion to order the disclosure of any information provided to the United States in connection with the underlying countervailing duty determination. *Ceramica Regiomontana, S.A. v. United States*, 4 CIT 168 (1982).

Defendants have asserted claims of privilege with respect to documents subject to disclosure. The state secrets privilege is claimed against eighteen of the documents at issue, with the additional claim of deliberative process privilege being made as to portions of seven of the documents added in the amended administrative record. Defendants have filed both confidential and public versions of the administrative record with the Court, the "classified" portions of the documents having been deleted from the public version.

Of the eighteen documents [4] to which privilege is asserted, sixteen were generated by three United States Government agencies: the Department of Commerce, the Department of State, and the United States Trade Representative (U.S.T.R.). These documents consist of cables and in-

**4.** A.R. 288, 9, 14, 16, 23, 25, 61, 62, 67, 76, 115, 284–287, 289–291.

ternal memoranda which, defendants maintain, are essential to the conduct of United States foreign relations.[5] Each has been classified "confidential", in whole or in part, in accordance with Executive Order No. 12356. Of the remaining documents, A.R. 9 is an internal report of the World Bank covering a proposed Second Structural Adjustment Loan to the Government of the Philippines. A.R. 288 is a negotiating document transmitted to officials of the U.S.T.R. by the Philippine Government. Both the World Bank and the Philippine Government have specifically requested that their respective documents retain their classified status and remain confidential.[6]

■ Defendants urge the privilege of state secrets be considered absolute and cite well-established case law in support of this position. *United States v. Reynolds*, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953). Should the Court accept this contention, the proper assertion of privilege, pursuant to Executive Order No. 12356, would dictate total acquiescence to defendants motion. The plain language of 28 U.S.C. § 2641(b) (*supra*), however, precludes such an interpretation, as the state secrets privilege may not be regarded as absolute in the Court of International Trade. *Ceramica Regiomontana*, (supra). The proper assertion of privilege is but one factor, albeit a strong factor, for the Court to consider in balancing the conflicting interests involved in disclosure of such documents.

■ Having examined the documents at issue *in camera*, I find the concern expressed by the affiants to be well-founded. While the Court will not ordinarily countenance broad, conclusory assertions by affidavit,[7] in this instance I am satisfied that release of the documents in question would pose a "reasonable danger" to national security. While respecting plaintiff's need for all pertinent material in order to proper-

ly present its challenge to the determination below, in weighing the arguments for and against disclosure, I conclude the balance of needs favors non-disclosure. In so finding, the Court is fully cognizant that disclosure of material against which a claim of state secrets is asserted may have a significance "wholly independent of the contents of the documents." *Ceramica Regiomontana* (supra), citing *Carlisle Tire & Rubber Co. v. United States Customs Service*, 1 ITRD 1891, 1897 (D.D.C.1979). In the present situation, the Court realizes that disclosure of these classified documents, even under the terms of a protective order, could have serious ramifications and consequently affect the conduct of United States foreign relations. Moreover, in reviewing the materials involved, I find the classified portions of the documents to be of only marginal relevance to the issues presented in the case at bar. For these reasons, defendants' assertions of state secrets privilege are sustained.

■ Of final concern to the Court is defendant's claim of deliberative process privilege covering portions of seven of the documents added in the amended administrative record (A.R. 284–287, 289–291). Defendant contends the referenced documents consist of internal memoranda and draft negotiating documents containing legal opinions and policy viewpoints concerning highly sensitive trade policy initiatives. Defendants assert these documents contain internal deliberations essential to the informed decision-making processes. The declaration of William E. Brock, U.S.T.R., is submitted in support of this claim.

Documents of this nature, compiled solely for internal use and which comprise part of the process and ideas upon which agency determinations are based, are subject to a protective order against disclosure on the ground of privilege. *SCM Corporation v. United States*, 82 Cust.Ct. 351, C.R.D. 79–

---

5. In support for the assertion of privilege, defendants submit the declarations of Commerce Secretary Malcolm Baldrige, Acting Secretary of State Kenneth W. Dam, and United States Trade Representative William E. Brock.

6. Declaration of U.S.T.R. Brock, *supra*.

7. See e.g., *Republic Steel Corp. v. United States*, 3 CIT 117, 538 F.Supp. 422 (1982).

11, 473 F.Supp. 791 (1979); *Sprague Electric Company v. United States,* 81 Cust.Ct. 168, C.R.D. 78–18, 462 F.Supp. 966 (1978). Once the proponent of privilege has complied with the established criteria for asserting privilege, the opposing party must demonstrate clearly and persuasively that the need for disclosure outweighs the harm that could result from disclosure. *Melamine Chemicals, Inc. v. United States,* 1 CIT 65 (1980).

■ After inspecting those portions of the documents relevant to this motion, the Court agrees with defendants characterization of the involved materials. It is obvious these documents were intended as internal memoranda. Similarly, impairment of the deliberative process which could result from disclosure of this type of documentation is readily discerned. Furthermore, having examined the subject documents *in camera,* the Court believes their disclosure would be of limited value to plaintiff, as the information contained therein is of little relevance to plaintiff's challenge of the administrative determination.

For the foregoing reasons, the Court adopts fully the terms of defendants cross-motion for protective order barring disclosure. As indicated *supra,* plaintiff's motion to supplement the administrative record is denied. Judgment will be entered accordingly.