**CABOT CORPORATION, Plaintiff,**

v.

**UNITED STATES, Defendant,**

**Hules Mexicanos, S.A. and Negromex, S.A. de C.V., Defendant-Intervenors.**

Court No. 86–09–01109.

United States Court of International Trade.

June 22, 1987.

Stewart and Stewart, (Eugene L. Stewart, Terence P. Stewart and William A. Fennell, Washington, D.C., on the motion), for plaintiff.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch (Sheila N. Ziff, Washington, D.C., on the motion), for defendant.

O'Connor and Hannan, (Andrew Jaxa-Debicki, Washington, D.C., on the motion), for defendant-intervenors.

## MEMORANDUM OPINION

CARMAN, Judge:

This is a consolidated action challenging the final results of an administrative review by the International Trade Administration (ITA or Commerce) pursuant to section 751 of the Tariff Act of 1930, as amended by the Trade and Tariff Act of 1984, 19 U.S.C. § 1675 (§ 751 administrative review). The determination sought to be reviewed is *Carbon Black From Mexico; Final Results of Countervailing Duty Administrative Review,* 51 Fed.Reg. 30385 (August 26, 1986). Defendant-intervenors, Hules Mexicanos, S.A. (Hules) and Negromex, S.A. de C.V. (Negromex) move to augment the administrative record to include the ITA's verification report, completed pursuant to this Court's remand order in *Cabot Corp. v. United States,* 9 CIT ——, 620 F.Supp. 722 (1985), *appeal dismissed,* 788 F.2d 1539 (Fed.Cir.1986). The *Cabot* decision involved a challenge of the final affirmative countervailing duty determination by the ITA.

On December 10, 1986, plaintiff, Cabot Corporation (Cabot), moved to strike paragraphs numbered 15 and 16 in the com-

plaint of Hules and Negromex.[1] These paragraphs referred to the findings of the ITA during the verification conducted pursuant to the Court's remand order in the *Cabot* decision. The Court, on January 13, 1987, denied the motion.

Defendant-intervenors contend that since this Court denied the motion of Cabot to strike paragraphs 15 and 16, the verification report is now part of the record of this case. The intervenors maintain that for purposes of consistency, this Court should formally declare the verification report as part of the administrative record. The Court disagrees. Upon reconsideration of the issues involved, the Court holds the verification report is not properly part of the record in this proceeding.

The administrative record is defined by statute as follows:

> **(A) In general.**—For the purposes of this subsection, the record, unless otherwise stipulated by the parties, shall consist of—
>
> > (i) a copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission *during the course of the administrative proceeding*, including all governmental memoranda pertaining to the case and the record of ex parte meetings required to be kept by section 1677f(a)(3) of this title; and
> >
> > (ii) a copy of the determination, all transcripts or records of conferences or hearings, and all notices published in the Federal Register.

19 U.S.C. § 1516a(b)(2)(A) (emphasis added). The important phrase in this provision is "during the course of the administrative proceeding." Congress shed light on the meaning of this term when it stated:

> *Scope and standard of review.*—Judicial review of determinations subject to the provisions of subsection (a)(1) would proceed upon the basis of information *before the relevant decision-maker at the time the decision was rendered* including any information that has been compiled as part of the formal record. The court is not to conduct a trial *de novo* in reviewing such determinations.

S.Rep. No. 96–249, 96th Cong., 1st Sess. 247–48 (1979), U.S.Code Cong. & Admin. News 1979, pp. 381, 633 (emphasis supplied). It therefore appears that Congress intended to limit the scope of the record for review to those matters considered in the particular determination challenged.

In *Beker Industries Corp. v. United States*, 7 CIT 313 (1984), which was predicated upon an action seeking review of the results of a § 751 administrative review, the Court considered a motion to add documents and information to the administrative record. The documents and information related to three companies. The material was neither included nor considered in the particular administrative review being challenged. In addition, the three companies, while part of the original antidumping finding, were subjects of an entirely separate § 751 administrative review. In reviewing the statute and legislative history, the *Beker* Court concluded:

> The court finds it impossible to read this passage in any sense but a limiting one. The scope of the record for purposes of judicial review is based upon information which was 'before the relevant decision-maker' and was presented and considered 'at the time the decision was rendered.'

*Beker*, 7 CIT at 315. In denying the motion to augment the administrative record, the *Beker* court held:

> The information with which plaintiff attempts to augment the record here derives from unrelated proceedings (different administrative reviews), although the same original antidumping order is involved. An attempt to supplement the record now in the fashion attempted by

---

1. This case involves two separate actions that were consolidated and redesignated by this Court on October 20, 1986. The first action, Court No. 86–09–01109 was commenced by the plaintiff, Cabot, on September 8, 1986. The second action, Court No. 86–09–01211 was commenced by Hules and Negromex on September 25, 1986. Both actions contest the final results of the § 751 administrative review by Commerce. The actions were consolidated because they arise from the same administrative record and involve common questions of law and fact.

plaintiff is tantamount to seeking *de novo* review through the back door. *Beker,* 7 CIT at 317. *See also Bethlehem Steel Corp. v. United States,* 5 CIT 236, 566 F.Supp. 346 (1983) (material from contemporaneous investigations of steel products from other countries not part of the administrative record); *Nakajima All Co., Ltd. v. United States,* 2 CIT 25 (1981) ("information newly determined to be relevant" not part of the administrative record); *Melamine Chemicals, Inc. v. United States,* 2 CIT 113, 116 (1981) ("there is no discernable intent that the record for judicial review consist of unrelated proceedings not raised during the particular administrative action under review").

Just as the *Beker* Court held, this Court holds that the verification report which the defendant-intervenors seek to include within the record derives from an unrelated proceeding (a remand directed pursuant to a challenge of the final affirmative countervailing duty determination). Although both proceedings involve the same countervailing duty order, and the verification report is arguably material in this review, both proceedings are separate and subject to separate judicially reviewable determinations.

Furthermore, despite the identical nature of the two proceedings, the Court holds that the verification report which the defendant-intervenors seek to include within the administrative record of this case was not "before the relevant decision-maker at the time the decision was rendered." The final results of the § 751 administrative review were transmitted for signing to Deputy Assistant for Import Administration, Gilbert K. Kaplan on August 7, 1986 which was prior to the time the verification was performed. Furthermore, the final results were issued on August 20, 1986, which was one day before the verification report was issued. It therefore appears by virtue of the timing of the proceedings that the ITA could not have considered the verification report when it rendered its decision.

In sum, the defendant-intervenors' attempt to augment the administrative record of this case is, in the words of the *Beker* Court, "tantamount to seeking *de novo* review through the back door." 7 CIT at 317. Accordingly, the defendant-intervenors' motion is denied.

### ORDER

Upon consideration of the motion of the defendant-intervenors, Hules Mexicanos, S.A., and Negromex, S.A. de C.V., to augment the administrative record, the reply in opposition of the plaintiff, Cabot Corporation, the reply in opposition of the defendant, United States, and upon all other papers and proceedings herein, it is hereby

ORDERED that the defendant-intervenors' motion is denied; and it is further

ORDERED that the ITA's remand verification report completed pursuant to this Court's order in *Cabot Corp. v. United States,* 9 CIT ——, 620 F.Supp. 722 (1985), *appeal dismissed,* 788 F.2d 1539 (Fed.Cir. 1986) shall not be part of the administrative record before this Court in the above-captioned case.