Slip Op. 00 - 46

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - -x

SAVE DOMESTIC OIL, INC.,

                           :

               Plaintiff,

                           :

        v.                 Court No. 99-09-00558

                           :

UNITED STATES,             :

                           :

               Defendant. :

- - - - - - - - - - - - - - - - - - -x

<u>Memorandum & Order</u>

[Plaintiff's motion for supplemental briefing
 denied.]


                           Dated:  April 26, 2000

    <u>Wiley, Rein & Fielding</u> (<u>Charles Owen Verrill, Jr</u>. and <u>Timothy C. Brightbill</u>) for the plaintiff.

    <u>David W. Ogden</u>, Acting Assistant Attorney General; <u>David M. Cohen</u>, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (<u>A. David Lafer</u> and <u>Lucius B. Lau</u>); and Office of Chief Counsel for Import Administration, U.S. Department of Commerce (<u>Robert J. Heilferty</u>), of counsel, for the defendant.

    <u>White & Case</u> (<u>Carolyn B. Lamm</u> and <u>David L. Elmont</u>) for intervenor-defendant Saudi Arabian Oil Company.

    <u>Shearman & Sterling</u> (<u>Thomas B. Wilner</u>) for intervenor-defendants Petroleos de Venezuela, S.A. and CITGO Petroleum Corporation.

    <u>Barnes, Richardson & Colburn</u> (<u>Robert E. Burke</u> and <u>Brian F. Walsh</u> for intervenor-defendant BP Amoco.

        AQUILINO, Judge:  In accordance with the Joint Status Report filed herein by the parties pursuant to CIT Rule 56.2(a), the plaintiff has interposed a motion for judgment upon the rec-

ord compiled by the International Trade Administration, U.S. Department of Commerce ("ITA") sub nom. Dismissal of Antidumping and Countervailing Duty Petitions: Certain Crude Petroleum Oil Products From Iraq, Mexico, Saudi Arabia, and Venezuela, 64 Fed.Reg. 44,480 (Aug. 16, 1999). Included in this submission are papers styled by the plaintiff as Motion for Supplemental Briefing -- "following a response from the Department of Energy to Plaintiff's pending Freedom of Information Act ('FOIA') request."

While the briefing schedule agreed upon in the Joint Status Report does not yet call for responses to plaintiff's motion for judgment, the defendant and intervenor-defendants BP Amoco[1], Saudi Arabian Oil Company, and Petroleos de Venezuela, S.A. and CITGO Petroleum Corporation have timely filed papers in opposition to the requested supplemental briefing which, in turn, have led the plaintiff to attempt to file a reply memorandum[2].

---

[1] This company, and others originally denied leave to intervene herein as parties defendant per Save Domestic Oil, Inc. v. United States, 23 CIT ___, Slip Op. 99-108 (Oct. 12, 1999), subsequently persuaded this court to grant them such leave upon renewed motions, alleging, for example, that "failure to include BP Amoco would result in serious prejudice because BP Amoco would not be adequately represented" by intervenor-defendant API Ad Hoc Free Trade Committee or other parties hereto. Consent Motion of BP Amoco to Intervene as a Matter of Right and Points to Support Thereof, second-third pages.

[2] This memorandum will not be received, as the Rules of this Court of International Trade, *prima facie*, do not permit the filing of replies in support of nondispositive motions. See Rule

Plaintiff's proffered reasons for the requested supple-

mental briefing are stated to be as follows:

> From the day Save Domestic Oil's petition was
> filed, Secretary of Energy Richardson made numerous
> statements of opposition. While Secretary Richard-
> son admitted that he and his department had no formal
> role in the Title VII investigations, Secretary Rich-
> ardson nevertheless stated that the "U.S. Government
> does not support the petitions" and that he was at-
> tempting to "fix" the problem.
>
> More than six months ago, Plaintiff properly sub-
> mitted a FOIA request to the Department of Energy re-
> garding the Secretary's involvement in the Commerce
> proceeding. This request has not been acted on, in
> contravention of the FOIA statute. Accordingly, Plain-
> tiff requests in the attached Motion for Supplemental
> Briefing the right to file additional arguments on this
> limited issue (with an appropriate opportunity to reply
> by Defendant) after this FOIA request is answered.
> . . .[3]

The sole authority offered for this relief is that "supplemental

pleadings are well within this Court's discretion, as set forth

in Rule 15(d)." Plaintiff's Motion for Supplemental Briefing,

second page.

But of course, the plaintiff seeks leave to file more

briefing, not *pleadings*, which CIT Rule 7(a) defines to be only

---

7(d) & (g).

[3] Brief in Support of Plaintiff's Motion for Judgment on the
Agency Record, part IV. The plaintiff pleads a ninth cause of
action in its complaint, averring in addition to the foregoing:

> 59. If the facts obtained through discovery reveal
> that Secretary Richardson interfered in the Commerce
> Department's proceeding in any way, Commerce's deter-
> mination not to initiate would be arbitrary, capricious
> and unlawful.

a complaint in an action such as this brought pursuant to 28 U.S.C. §1581(c) and specifically states that "[n]o other pleading shall be allowed". See also 5 Wright & Miller, Federal Practice §1183, n. 10 (1990)(a brief is not a pleading). On the other hand, even if the plaintiff were moving for leave to amend its complaint, Rule 15(d) provides that, upon the motion of a party,

> the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

Assuming the Energy Department responds to plaintiff's FOIA request, such response should be expected to contain information regarding events that occurred before the ITA's dismissal of plaintiff's petition and thus before its complaint was filed herein. That is, plaintiff's instant motion is not in conformity with the chronology contemplated by the rule. E.g., Intrepid v. Pollock, 907 F.2d 1125 (Fed.Cir. 1990)(Rule 15(d) authorizes supplementation of a complaint based on later events). Cf. Saarstahl AG v. United States, 20 CIT 1413, 949 F.Supp. 863 (1996) (motion for supplemental briefing in conjunction with motion for leave to amend complaint pursuant to Rule 15 denied).

Furthermore, while the Supreme Court's rejection in Conley v. Gibson, 355 U.S. 41, 48 (1957), of the concept that pleading in federal court still is "a game of skill in which

one misstep by counsel may be decisive to the outcome" cannot
be overlooked, neither can the nature of this action be disre-
garded.  As plaintiff's own motion in chief signifies, it seeks
judgment upon the ITA's record, such as it may be.  In granting
this court jurisdiction to review this record per 19 U.S.C. §
1516a(a)(1), Congress reported that the

> review of determinations subject to the provisions of
> subsection (a)(1) would proceed upon the basis of in-
> formation before the relevant decision-maker at the
> time the decision was rendered including any informa-
> tion that has been compiled as part of the formal rec-
> ord.  The court is not to conduct a trial *de novo* in
> reviewing such determinations.

S. Rep. No. 249, 96th Cong., 1st Sess. 247-48 (1979).  See, e.g.,
Sanyo Elec. Co. v. United States, 23 CIT ___, ___, 86 F.Supp.2d
1232, 1238 (1999); Kerr-McGee Chem. Corp. v. United States, 21
CIT 11, 18-19, 955 F.Supp. 1466, 1471-72 (1997); Neuweg Ferti-
gung GmbH v. United States, 16 CIT 724, 726, 797 F.Supp. 1020,
1022 (1992):

> The case law of this court is very clear that
> the administrative record "is limited to the informa-
> tion that was presented to or obtained by the agency
> making the determination during the particular . . .
> proceeding for which section 1516 authorizes judicial
> review"[,]

quoting from Beker Indus. Corp. v. United States, 7 CIT 313, 316
(1984); Cabot Corp. v. United States, 11 CIT 447, 449, 664 F.-
Supp. 525, 526 (1987) ("Congress intended to limit the scope of
the record for review to those matters considered in the partic-
ular determination challenged").

As with many rules, certain, limited exceptions have been made.  Most notably, "[m]aterials outside the administrative record may be discovered . . . where the party requesting discovery makes a <u>strong</u> <u>showing</u> of bad faith or improper behavior on the part of the officials who made the determination." <u>Saha Thai Steel Pipe Co. v. United States</u>, 11 CIT 257, 259, 661 F.Supp. 1198, 1201 (1987) (emphasis in original), citing <u>Citizens to Preserve Overton Park, Inc. v. Volpe</u>, 401 U.S. 402, 420 (1971). <u>See</u> <u>also</u> <u>Sanyo Elec. Co. v. United States</u>, <u>supra</u>; <u>Ammex, Inc. v. United States</u>, 23 CIT ___, ___, 62 F.Supp.2d 1148, 1166 (1999) (only upon showing of bad faith or improper behavior should courts allow a party to go behind the stated rationale of agency decisionmakers to conduct discovery concerning what may have been the "real" motives or considerations that led to a particular conclusion); <u>F.lli De Cecco di Filippo Fara San Martino S.P.A. v. United States</u>, 21 CIT 1124, 1126, 980 F.Supp. 485, 487 (1997).  <u>Cf</u>. <u>NEC Corp. v. U.S. Dep't of Commerce</u>, 21 CIT 198, 205-06, 958 F.Supp. 624, 632 (1997)(where no administrative record or formal findings exist, a strong showing of bad faith is not required before discovery can be granted).

While the plaintiff may have hoped to uncover that kind of negative influence through its FOIA request to the Department of Energy[4], this court is not at liberty to grant any relief upon

_____

[4] The court notes in passing that FOIA, 5 U.S.C. § 552(a)-(4)(B) & (a)(6) (1999), and its pertinent, governing regulation, 10 C.F.R. §1004.5(d)(4) (1999), offer applicants more expedi-

(footnote continued)

such hope alone.  Hence, even though evidence of "unlawful political suasion . . . is seldom highlighted on dog-earred pages of the administrative record"[5], plaintiff's Motion for Supplemental Briefing must be, and it hereby is, denied.

So ordered.

Dated: New York, New York
       April 26, 2000

_____
                                    Judge

---

tious resolution thereunder than apparently has been sought by Save Domestic Oil, Inc.  Be that as it may, however, this court does not subscribe to the premise that any attempted resort to FOIA in regard to an action such as this is out of bounds. Compare, e.g., Defendant-Intervenor Saudi Arabian Oil Company's Opposition to Plaintiff's Motion for Supplemental Briefing, p. 4 and Opposition of Petroleos de Venezuela, S.A. and CITGO Petroleum Corporation to Plaintiff's Motion for Supplemental Briefing, p. 3 with Star-Kist Foods, Inc. v. United States, 8 CIT 305, 306, 600 F.Supp. 212, 215 (1984), and Nat'l Latex Prod. Co. v. United States, 3 CIT 49, 50 n. 4 (1982).

[5] Saha Thai Steel Pipe Co. v. United States, 11 CIT 257, 260, 661 F.Supp. 1198, 1202 (1987).