**FLORAL TRADE COUNCIL OF DAVIS, CALIFORNIA, Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Asociacion Colombiana de Exportadores de Flores, Defendant–Intervenor.**

**Court No. 88–10–00822.**

United States Court of
International Trade.

March 24, 1989.

Stewart & Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and Jimmie V. Reyna, Washington, D.C., for plaintiff.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Elizabeth C. Seastrum, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

Arnold & Porter, Patrick F.J. Macrory, Washington, D.C., for defendant-intervenor.

## OPINION AND ORDER

RESTANI, Judge:

The action before the court challenges a decision of the International Trade Administration of the Department of Commerce (ITA) that daisies do not fall within the scope of previous antidumping orders covering *inter alia* standard and pompon chrysanthemums from several countries. Plaintiff's motion which is presently before the court seeks to enlarge the agency record to be reviewed here to include the full ITA and International Trade Commission (ITC) investigations leading to the orders which plaintiff seeks to have clarified.

There is no simple method of determining exactly what composes the record before the agency for purposes of court review of decisions involving the unfair trade laws. 19 U.S.C. § 1516a(b)(2)(A) (1982) provides that the record includes "all information presented to or obtained by the [agency] during the course of the administrative proceeding ..." Because no discrete record is compiled in advance of litigation, it is often difficult to tell what is obtained or presented for purposes of a particular decision.

■ Contrary to the position of defendant, the record is not limited to documents "relied on or used" by the agency. Defendant's Brief at 2. That is, the agency cannot ignore relevant information which is before it, and the reviewing court must be in a position to determine if it had done so. This is not to say that all documents found at the agency are before it for purposes of the determination to be reviewed, but rather, that those documents at the agency which become sufficiently intertwined with the relevant inquiry are part of the record, no matter how or when they arrived at the agency. *Cf. Bethlehem Steel Corp. v. United States*, 5 CIT 236, 566 F.Supp. 346 (1983) (documents from other investigations which were not "intimately related" to the investigation at issue were not part of the record). Essentially, the dispute may be resolved by applying some common sense. The question to be asked is whether the decision can be reviewed properly without certain documents.[1]

The court wholeheartedly recognizes the law from earlier cases indicating that documents obtained for other investigations do not automatically become part of the record of related investigations. But, in a case such as this where the agency in its decision states without qualification that it has examined "the original investigations by the ITC and the Department," the court must assume that all relevant information from those previous investigations is before the agency for the purpose of the current decision. *See* A.R. 37 at 2.[2] As the agency expressly incorporated such information into the proceeding at issue,

---

1. Although *Gold Star Co., Ltd. v. United States,* 12 CIT ——, 692 F.Supp. 1382, 1387 (1988), *appeal pending* No. 89–1023, 1042 states that each stage of the prior statutory proceedings must be reviewed in order to reach a decision on clarification of scope of an order, it also stands for the proposition that each document before the agency in such prior proceedings need not be reviewed. The court finds, however, that neither *Gold Star* nor cases relied on by plaintiff, such as *Diversified Products Corp. v. United States,* 6 CIT 155, 572 F.Supp. 883 (1983), address the precise issue at hand, that is, what documents do comprise the record in such a case.

2. There may be other ways to sufficiently connect documents from prior investigations to a later proceeding so as to make them part of the record of such a proceeding, but a cite by the agency to such documents in its decision would seem to suffice.

without such information the decision at issue cannot be reviewed properly. A collateral problem arises in this case because most of the documents obtained in the earlier referenced investigations are irrelevant to the decision at issue. The agency's broad embrace of the earlier records leaves to the parties, and ultimately to the court, the task of deciding what constitutes the relevant data from the underlying investigations and, therefore, the record.

As indicated, the record here is not restricted to just those documents from other records relied on by the parties, but surely includes other documents referred to by the agency in its decision. Essentially, here the agency referred to anything relevant from the original investigations of fresh cut flowers from Colombia, Mexico and Ecuador. Defendant has now, for litigation purposes, specified those parts of the previous records which it believes are relevant to this case. Apparently plaintiff believes other documents from such records are relevant. Unfortunately, plaintiff has not enlightened the court as to which documents those might be. It also appears that plaintiff has not enlightened defendant on this point, despite defendant's request for such information.

In view of the agency's broad statement as to the extent of the information reviewed for purposes of the scope determination, a designation-counter designation procedure of some specificity should have occurred prior to this juncture in the proceedings.[3] The court has not been informed as to the exact nature of the parties' pre-litigation discussions in this regard, but the defendant's narrow position as to the scope of the record leads the court to believe that justice would be served better by allowing plaintiff an opportunity to propose limited additions to the record at this time.[4] Accordingly, plaintiff shall have ten days within which

to propose that specific documents be added to the record. Defendant shall have seven days to object on relevancy grounds. Defendant shall simultaneously lodge the disputed documents with the court. In addition, the court directs plaintiff to take a narrow view of relevancy, as it is plaintiff which failed to specify particular documents earlier.[5]

 In sum, for both legal and practical reasons the court will not permit wholesale designation of the records of earlier investigations to the record here. The court may, however, find documents from such investigations to be part of the record for purposes of review of the recent scope decision because certain documents from earlier investigations became sufficiently connected to the current investigation to be considered to be before the agency for purposes of the decision at issue.

SO ORDERED.

---

**3.** This is not to be confused with the procedures specified in Rule 71(b) of this court, which provide for selected designation for litigation purposes from an admittedly larger record.

**4.** The court notes that a 1977 ITC proceeding is referred to in the agency decision. Unless the

parties agree otherwise, the relevant information therefrom should also be included in the record.

**5.** All time periods shall be calculated without normal exclusions, i.e., Sunday, etc.