INTREPID, Plaintiff,

v.

INTERNATIONAL TRADE ADMINISTRATION, DEPARTMENT OF COMMERCE, and United States, Defendants.

Court No. 91–10–00770.

United States Court of International Trade.

March 31, 1992.

228

Holland & Knight, David H. Baker, Dickson R. Loos and Mitchell H. Stabbe, Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Reginald T. Blades, Jr. (Jeffery B. Denning, Atty. Advisor, Office of Chief Counsel for Import Admin., U.S. Dept. of Commerce, of counsel), Washington, D.C., for defendants.

## OPINION AND ORDER

TSOUCALAS, Judge:

In this action, plaintiff challenges the final countervailing duty scope determination of the U.S. Department of Commerce, International Trade Administration ("ITA"). *Final Recommendation Memo: Scope Inquiry Regarding Certain Circular Welded Carbon Steel Pipes and Tubes from Thailand—Intrepid,* General Administrative Record ("GAR") (Pub.) Doc. 24, under the *Final Affirmative Countervailing Duty Determination and Countervailing Duty Order; Certain Circular Welded Carbon Steel Pipes and Tubes From Thailand,* 50 Fed.Reg. 32,751 (1985). Plaintiff has moved to strike certain documents from the certified list of the administrative record in the instant proceeding involving the imposition of countervailing duties on certain circular welded steel pipes from Thailand. Plaintiff brought this motion to strike Public Document Nos. 2, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20 and 22, and Proprietary Document No. 1 from the administrative record.

### Discussion

Intrepid, plaintiff herein, claims that the Public Documents listed above, which were initially contained in the administrative record of a related, but separate, antidumping duty scope determination, are not documents properly part of the record in the present countervailing duty scope proceeding. Similarly, plaintiff claims that since Proprietary Document No. 1 is also from a separate antidumping duty proceeding, and that Public Document No. 22 is a Court of International Trade decision, such documents should likewise not be part of the administrative record.

19 U.S.C. § 1516a(b)(2)(A) (1988) provides that the administrative record shall consist of "all information presented to or obtained by" the ITA "during the course of the administrative proceeding" under review. Contrary to the basis upon which Intrepid's motion to strike rests, the administrative record does not consist only of the documents "submitted" in the case under review.

■ This Court has held that the ITA is not limited to consideration of documents submitted to it. In *IPSCO, Inc. v. United States,* 12 CIT 1128, 1130, 701 F.Supp. 236, 238 (1988), *aff'd in part,* 899 F.2d 1192 (Fed.Cir.1990) (reversed in part and re-

manded on other grounds), this Court stated that "[i]f ITA wishes to apply information gleaned from public documents it may do so, so long as it relates such information to the facts of the case before it." The Court has also recognized that the record is not restricted to documents "relied on or used" by ITA, stating that "those documents at the agency which become sufficiently intertwined with the relevant inquiry are part of the record, no matter how or when they arrived at the agency." *Floral Trade Council of Davis, Cal. v. United States*, 13 CIT 242, 242–43, 709 F.Supp. 229, 230 (1989) (citing *Bethlehem Steel Corp. v. United States*, 5 CIT 236, 566 F.Supp. 346 (1983)). Accordingly, the administrative record properly contains documents submitted to the ITA as well as any other documents intertwined with the particular inquiry and considered by ITA in making its determination.

■ In the instant proceeding, the ITA relied upon and made a part of the record Public Document Nos. 2, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, and 20 from the scope review in the antidumping duty case in reaching its decision as to the scope of this countervailing duty order. *See* GAR (Pub.) Doc. 24. Although the antidumping and countervailing duty investigations were conducted separately, the documents from the antidumping duty order scope investigation are sufficiently intertwined with the inquiry into the scope of the countervailing duty order in this case since the concurrent investigations relate to the same issue concerning manufacturers, producers, or exporters in Thailand of certain circular carbon steel pipes and tubes. In addition, Public Document No. 22 and Proprietary Document No. 1 represent information "presented to or obtained by" the ITA "during the course of the administrative proceeding" under review. 19 U.S.C. § 1516a(b)(2)(A). These documents are likewise sufficiently intertwined with the particular inquiry and relied upon by the

ITA in making its decision as to the scope of this countervailing duty order.

### Conclusion

The Court finds that Public Document Nos. 2, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20 and 22, and Proprietary Document No. 1 are properly contained in the administrative record for the countervailing duty scope determination. Accordingly, plaintiff's motion to strike is denied.