

Adduci, Mastriani, Meeks & Schill, Ralph H. Sheppard, Jeffrey A. Meeks, and Barbara A. Murphy, Washington, D.C., for plaintiff.

Stuart Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., Dept. of Justice, Jeffrey M. Telep, Atty., J.C. Lowe, Attorney–Advisor, Office of the Deputy Chief Counsel for Import Admin., Dept. of Commerce, Washington, D.C., for defendant.

**WIN–TEX PRODUCTS, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 92–04–00302(BN).**

United States Court of International Trade.

Aug. 26, 1992.

### OPINION AND ORDER

NEWMAN, Senior Judge:

The court is again confronted with the frequently revisited issue of supplementing the administrative record for judicial review of antidumping proceedings.

### BACKGROUND

On October 4, 1983, the Department of Commerce ("Commerce") issued an antidumping duty order in *Shop Towels Of Cotton From The People's Republic of China; Antidumping Duty Order*, 48 Fed.Reg. 25,277 (October 4, 1983). On March 12, 1991, plaintiff requested Commerce to clarify the scope of the antidumping duty order and sought a ruling that its shop towels imported from Honduras were not within the scope of the order. After conducting a "scope proceeding," on March 31, 1992 Commerce issued its *Final Scope Ruling on the Request for Clarification of the Scope of the Antidumping Duty Order on Shop Towels of Cotton From The People's Republic of China ("1992*

*Scope Ruling*"). Commerce determined that plaintiff's shop towels from Honduras fall within the scope of the 1983 antidumping duty order. *Id.*

In this action, plaintiff contests Commerce's *1992 Scope Ruling,* which is judicially reviewed on the administrative record, statutorily defined as follows:

> For purposes of this subsection, the record, unless otherwise stipulated by the parties, shall consist of—
> (i) a copy of all information presented to or obtained by [the agency] during the course of the administrative proceeding, including all governmental memoranda pertaining to the case and the record of *ex parte* meetings required to be kept by section 1677f(a)(3) of this title; and
> (ii) a copy of the determination, all transcripts or records of conferences or hearings, and all notices published in the Federal Register.

19 U.S.C. § 1516a(b)(2)(A). *See also* CIT Rule 71(a) (filing of administrative record with Clerk).

Currently before the court for decision is plaintiff's application for an order to supplement the *1992 Scope Ruling* administrative record that defendant filed with the Clerk on July 9, 1992. Plaintiff seeks to add to the record two 1984 letter communications between plaintiff and Commerce pertaining to the latter's exclusion of plaintiff's "Wipe–Eze" utility towels in an earlier 1984 scope determination and "all other" scope rulings or opinions issued by Commerce in connection with the 1983 antidumping duty order (all the foregoing documents collectively referred to hereinafter as "proposed supplemental materials").

## PARTIES' CONTENTIONS

Plaintiff contends that the administrative record must include the proposed supplemental materials because: (1) Commerce is required to consider all relevant documents in evaluating whether a particular product is within the scope of an antidumping duty order; (2) the 1984 scope ruling sought to be included in the record of the *1992 Scope Ruling* covers a similar product and the identical issues now raised; (3) Commerce's omission of the proposed supplemental materials creates substantial legal and factual questions regarding whether the *1992 Scope Ruling* is based on substantial evidence and is otherwise in accordance with law; (4) Commerce stated in the *1992 Scope Ruling* that "Documents from the underlying investigation deemed relevant by the Department to the scope of the outstanding order were made a part of the record to the instant scope inquiry"; (5) *Floral Trade Council v. United States,* 13 CIT 242, 709 F.Supp. 229 (1989), requires documents that are "sufficiently intertwined" with the relevant inquiry to be included in the administrative record; and (6) the 1984 ruling and related documents, as well as any other scope determinations pertaining to the underlying antidumping duty order, should have been considered by Commerce in making its determination in the *1992 Scope Ruling* and should now be part of the administrative record for judicial review of that ruling.

Defendant opposes supplementation of the record on the grounds that: (1) plaintiff failed to present the proposed supplemental materials from 1984 to Commerce during the *1992 Scope Ruling* proceedings; (2) since Commerce did not receive, obtain or consider the proposed supplemental materials in connection with the *1992 Scope Ruling,* in accordance with 19 U.S.C. § 1516a(b)(2)(A) they are extraneous to the administrative record; (3) in addition to the statutory definition of the administrative record, plaintiff was on notice as to content of the record by virtue of Commerce's August 29, 1991 letter to all interested parties initiating the *1992 Scope Ruling* proceedings stating, "Documents that are not presented to the Department, or placed by it on the record, will *not* constitute part of the administrative record attendant to this scope determination." (Emphasis in original) (Administrative Record at 8); (4) the statement in the *1992 Scope Ruling* referencing as part of the administrative record "Documents from the *underlying investigation* deemed relevant by the Department," etc. refers to the documents from the antidumping duty investigation *per se* and not proceedings subsequent to the antidumping duty order; and (5) *Floral Trade,*

relied on by plaintiff, is distinguishable from the instant case.

## DISCUSSION

Despite the undisputed relevance of the proposed supplemental materials to the current action, the court is constrained to deny plaintiff's application essentially for the reasons advanced by defendant.

The single judicial precedent called to the court's attention by plaintiff permitting supplementation of the record—*viz., Floral Trade*—is factually and legally distinguishable from the current matter. In *Floral Trade*, Commerce in its scope ruling stated without qualification that it had examined the underlying antidumping duty investigations plaintiffs sought to include in the administrative record of the scope proceeding. Significantly, the *Floral Trade* court pointed to the agency's "broad embrace of the earlier records" and found that the agency "expressly incorporated" such information into the scope proceeding at issue. Hence, the *Floral Trade* court concluded that "without such information the decision at issue [scope determination] cannot be reviewed properly." 13 CIT at 243, 709 F.Supp. at 230–31.

It was within the foregoing critical factual context in *Floral Trade*, wherein the earlier documents from the underlying investigations had admittedly been reviewed by Commerce in the course of the scope proceedings but nonetheless excluded from the administrative record for judicial review, that the *Floral Trade* court held that documents sufficiently intertwined with the relevant inquiry are part of the record no matter how or when they arrived at the agency. The court fully agrees with defendant that the obvious meaning of "underlying investigations" referenced by Commerce in its *1992 Scope Ruling* applies only to the investigations leading up to the antidumping duty order and not to subsequent scope proceedings. The "underlying investigations" Commerce had in mind in its 1992 ruling are not germane to plaintiff's motion and neither is *Floral Trade*.

While on the one hand *Floral Trade* holds that documents at the agency which become sufficiently intertwined with the relevant inquiry are part of the record, no matter how or when they arrived at the agency, on the other hand *Floral Trade* makes clear that all documents obtained in investigations are not *automatically* part of or "intertwined" with the record of related investigations. Indeed, "[t]he record for judicial review should ordinarily not contain material from separate investigations." *Bethlehem Steel Corporation v. United States*, 5 CIT 236, 566 F.Supp. 346 (1983). Thus, in denying plaintiff's motion, this court again adheres to the guiding general principle of administrative law that "[r]eview of agency determinations in antidumping proceedings is to be undertaken upon the basis of the record made before the agency." *Nakajima All Co., Ltd. v. United States*, 2 CIT 25, 26 (1981).

Despite Commerce's August 29, 1991 explicit admonition regarding the restrictive content of the record of the scope proceedings, plaintiff inexplicably failed to exercise diligence in seeking to include the proposed supplemental materials from 1984 in the record of the administrative proceedings leading to the *1992 Scope Ruling*.[1] Moreover, Commerce did not refer to such materials in its ruling. Under these circumstances, the court is unable to conclude that the proposed supplemental materials have "become sufficiently intertwined with the relevant inquiry" within the principle enunciated in *Floral Trade*.

Accordingly, it is hereby ORDERED: Plaintiff's motion to supplement the administrative record is denied.

---

1. Significantly, although failing to present the proposed supplemental materials pertaining to its own towels during the administrative proceedings, Win–Tex requested Commerce to consider a scope determination regarding shop towels imported by Able Textile Corporation. *Final Scope Ruling on the Request by Able Textile Corporation for Clarification of the Scope of the Antidumping Duty Order on Shop Towels from the People's Republic of China* (Aug. 21, 1990). Adm.Rec. 5. As requested by Win–Tex, Commerce included the Able scope ruling in the administrative record of the *1992 Scope Ruling*. Adm.Rec. 14 at 3.