**WIN–TEX PRODUCTS, INC., Plaintiff,**

v.

**UNITED STATES, Defendant,**

and

**Milliken & Company, Inc., Defendant–Intervenor.**

**No. 92–04–00302 (BN).**

United States Court of International Trade.

Aug. 5, 1993.

Adduci, Mastriani, Schaumberg & Schill, Ralph H. Sheppard, Barbara A. Murphy, and Robert J. Leo, New York City, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div. Dept. of Justice, Jeffrey M. Telep, Atty., J.C. Lowe, Atty–Advisor, Office of Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, for defendant.

Wilmer, Cutler & Pickering, John D. Greenwald, Ronald I. Meltzer, Bahram A. Zia, Washington, DC, for defendant-intervenor.

### OPINION AND ORDER

NEWMAN, Senior Judge:

This case presents significant evidentiary issues, the second of first impression: Does judicial notice apply in an action before the court on the administrative record and not *de novo*? If so, in an action contesting an anti-dumping duty order scope determination of the United States Department of Commerce, International Trade Administration ("ITA" or "Commerce"), may the court, at plaintiff's request, take judicial notice of a prior unpublished scope determination involving plaintiff under the same antidumping duty order?

In this action, commenced pursuant to 28 U.S.C. § 1581(c), 19 U.S.C. § 1516a(a)(2)(A)(ii) and 19 U.S.C. § 1516a(a)(2)(B)(vi), plaintiff seeks to overturn Commerce's antidumping duty Final Scope Ruling of March 31, 1992: *Final Scope Ruling on the Request By Win–Tex Products, Inc. for Clarification of the Scope of the Antidumping Duty Order on Shop Towels of Cotton From the People's Republic of China* ("Final Scope Ruling"). By its Final Scope

Ruling, ITA determined that plaintiff's cotton shop towels imported from Honduras are within the scope of *Shop Towels of Cotton From the People's Republic of China; Antidumping Duty Order*, 48 Fed.Reg. 45,277 (October 4, 1983) ("Order").

Plaintiff contends that ITA erred as a matter of law in refusing to make a scope analysis under 19 C.F.R. § 353.29(f), or alternatively, under § 353.29(i)(2), and in failing to exclude plaintiff's shop towels from the Order based on their household end use and retail channels of trade. Defendant argues that the scope inquiry was properly conducted by ITA under 19 U.S.C. § 1677j(b) and 19 C.F.R. § 353.29(i)(1), and therefore, the end use and channels of trade of plaintiff's towels are irrelevant criteria for the scope determination. For the reasons stated in an opinion and order entered concurrently herewith remanding this case to ITA, Slip Op. 93–145, the court concluded that since the descriptions of the merchandise are not "dispositive" within the purview of § 353.29(i)(1), the applicable *"Diversified Products"* (*see Diversified Products Corp. v. United States*, 572 F.Supp. 883 (CIT 1983), *modified, Kyowa Gas Chemicals Industry Co., Ltd. v. United States*, 582 F.Supp. 887 (CIT 1984)) criteria enumerated in § 353.29(i)(2), including use and channels of trade, must be considered by ITA in the scope inquiry.

At a previous stage of this action, plaintiff sought, unsuccessfully, to supplement the administrative record of the current scope proceedings with ITA's June 13, 1984 scope ruling letter under the same Order ("1984 letter ruling"). See Slip Op. 92–142 of August 26, 1992, 797 F.Supp. 1025 (CIT 1992), denying plaintiff's motion to supplement the administrative record. Having failed in that route for judicial consideration of the 1984 letter ruling, plaintiff now requests that the court simply take judicial notice of the 1984 letter ruling "for the limited purpose of contradicting the current assertion of the Defendant that end use and retail sale [of plaintiff's shop towels] are irrelevant criteria for determining the scope of the Order."

A copy of the 1984 letter ruling is Appendix A to plaintiff's response to defendant's memorandum in opposition to plaintiff's mo-

tion for judgment on the administrative record. The 1984 letter ruling, reciting the household use and retail channels of trade for Win–Tex' "Wipe–Eze Utility Towels," excludes such towels from the Order. When the 1984 scope inquiry was initiated, ITA afforded the petitioner, Milliken & Co., an opportunity to comment on plaintiff's request for a scope ruling, and Milliken stated it had no objection to exclusion of the Wipe–Eze utility towels from the Order. After its 1984 letter ruling, ITA transmitted notice of its decision to all interested parties, and to the Customs Service, which presumably abided by ITA's ruling in the entries for which liquidations had been suspended.

■ Plaintiff now requests that the court take judicial notice of and to accord the 1984 ruling binding precedential effect in the present scope proceedings, insofar as in the 1984 letter ruling ITA explicitly took cognizance of the towels' household use and retail channels of trade in excluding them from the Order and ITA now maintains that use and channels of trade are irrelevant to the scope of the very same Order.

■ Fundamentally, of course, counsel may submit to the court the materials containing the information that they request be judicially noticed. *Wigmore on Evidence*, Vol. 9, § 2568a, pp. 720–21 (1981 ed.) ("counsel on either side are entitled to *offer materials* containing the information") (emphasis in original). However, defendant joined by intervenor, moves to strike the 1984 letter ruling and all references thereto in plaintiff's response, urging that under 19 U.S.C. § 1516a, and in accordance with the court's prior decision in Slip Op. 92–142, judicial review in this case is limited solely to the administrative record. For the following reasons, judicial notice is taken of the 1984 letter ruling and defendant's motion to strike is denied.

Defendant and intervenor insist that the court may not take judicial notice of, or otherwise consider, the 1984 ruling because it was not part of ITA's public file (*i.e.*, is unpublished in the Federal Register), is not part of the administrative record of this action, and was not otherwise called to ITA's

attention by plaintiff during the current scope inquiry.

■ We first address the issue of whether judicial review on the administrative record precludes judicial notice. The concept that review on the administrative record precludes any role for judicial notice was rejected in *Borlem S.A.–Empreedimentos Industriais v. United States*, 718 F.Supp. 41 (CIT 1989), *aff'd* 913 F.2d 933 (Fed.Cir.1990).

In *Borlem*, the court expressly took judicial notice of ITA's second amended less-than-fair-value determination in reviewing the International Trade Commission's final affirmative injury determination on the administrative record and in remanding the action to the agency. Regarding judicial notice of ITA's amended less-than-fair-value determination in reviewing the Commission's, injury determination the court observed: "Although limited in its review to the administrative record, *see* 19 U.S.C. § 1516a(b)(1)(B), *this Court must take judicial notice of decisions of federal executive departments when requested by a party.* * * * Since plaintiff requested this Court to take judicial notice of the Second–Amended Determination by Commerce, this court must and does take judicial notice of that determination." 718 F.Supp. at 46 (emphasis added.)

On appeal, the Federal Circuit in approving this court's judicial notice of the Amended ITA determination, observed that "what the trial court has now taken judicial notice of is not the new margin determinations themselves, but *the fact that a new and different determination* has been made based on the premise that the earlier one was incorrect. That action by the same government agency that generated the first determination, certainly seems to us to be a fact of which judicial notice may be taken." 913 F.2d at 940.

Without citation of any authority on the point, defendant and intervenor insist that judicial notice of the 1984 letter ruling is precluded because it was not published in the Federal Register. However, it requires no "string" of citations to demonstrate that the courts have freely taken judicial notice of a wide range of matters, including unpublished letters. *See Vivitar Corp. v. United States*, 593 F.Supp. 420, 430–432 (CIT 1984), *aff'd*, 761 F.2d 1552 (1985), *cert. denied*, 474 U.S. 1055, 106 S.Ct. 791, 88 L.Ed.2d 769 (1986).

In *Valerio v. Dahlberg*, 716 F.Supp. 1031 (S.D.Ohio 1988), plaintiff instituted an action for employment discrimination. The district court took judicial notice of an unpublished administrative decision of a referee of the State of Ohio Unemployment Compensation Board of Review called to the court's attention by an uncertified copy of the decision.

■ Further, defendant's objection that plaintiff's failure to exhaust its administrative remedies, *i.e.*, failure to bring up the prior scope determination before the agency, bars judicial notice is simply a recasting of its argument that judicial notice is barred in actions reviewed on the administrative record. Whether the action is before the court for decision on a record made before the agency or on the record made at a trial *de novo*, indisputable facts like the agency's own prior determinations may be judicially noticed by the court when such notice is requested by a party and is otherwise appropriate. In *Borlem*, the Federal Circuit explicitly rejected the Commission's argument that the court could not take judicial notice of ITA's amended determination since it was not on the record compiled by the Commission, observing: *"Moreover, we believe it is circular reasoning to state that a fact cannot be judicially noticed unless it is so established by being on the record, that judicial notice is unnecessary."* 913 F.2d at 940 (emphasis added).

In *United States v. An Undetermined Quantity, Etc.*, 583 F.2d 942, 946, n. 3 (7th Cir.1978) the district court had denied a pharmaceutical manufacturer's motion to vacate a default judgment entered in favor of the Government in an *in rem* condemnation action against the manufacturer's cough syrup sold over the counter. On appeal from the judgment of the district court, the Seventh Circuit took judicial notice of an "initial decision" of the Food and Drug Administration's administrative law judge ("ALJ") on the manufacturer's supplemental new drug application holding that the manufacturer's

cough syrup was safe and effective for over-the-counter sale. Significantly, the Seventh Circuit rejected the Government's request to ignore the Food & Drug ALJ's decision on the ground that the decision was *not part of the record.*

The court next reaches plaintiff's contention that ITA's 1984 letter ruling constitutes a binding administrative precedent on the scope of the Order. Plaintiff relies on the principle of administrative law that an "agency must either conform to its prior norms and decisions or explain the reason for its departure from such precedent." *Torrington Co. v. United States,* 772 F.Supp. 1284, 1288 (CIT 1991). In further support of that argument plaintiff cites *Corex Corp. v. United States,* 454 F.Supp. 835 (C.D.Calif.1978), an action in the district court for a refund of manufacturers excise taxes, wherein after a first trial plaintiff learned of the existence of a twenty-year old unpublished ruling of the Internal Revenue Service, dated February 19, 1958, and sought a copy of the ruling from the Service. After initial refusals, failure and "stalling" by the Service to produce a copy of its unpublished ruling, and an assertion by the Service that the ruling could not be located and was inapplicable, the court ordered production of a copy by the United States Attorney. Upon production of a copy of the unpublished ruling by the U.S. Attorney, the court determined that the ruling was indeed applicable to the facts of the case, was binding on the Service, and that under the ruling plaintiff was not subject to the tax. *Id.* at 847.

However, *Corex* is factually distinguishable. The unpublished I.R.S. ruling in *Corex* definitively recites the circumstances under which the Service agrees that there are arm's length sales transactions between two corporations within the purview of the statute. By contrast, the 1984 letter ruling's precedential value for making a *Diversified Products* analysis under the Order, including end use and channels of trade, is seriously denigrated on its face by ITA's express declination to address any *Diversified Products* criteria and ITA's exclusion of the utility towels from the scope of the Order based simply on the agency's vague conclusory ra-tionale that "these materials are not of the type included in the original petition, fair value investigation, or the ITC's injury investigation of Chinese cotton shop towel imports." The 1984 letter ruling, involving differently described goods than those currently before the court, contains no definitive articulation of principle with reference to the relevance of use or channels of trade criteria under the Order. Clearly, in view of the vague parameters of the 1984 ruling for a *Diversified Products* analysis, the prior ruling has no precedential value under the Order for anything other than the same merchandise and facts that were before ITA in the 1984 scope inquiry.

### CONCLUSION

Plaintiff's request to take judicial notice of the 1984 letter ruling is granted, but I find it is not as a binding precedent in the current proceedings. For that reason, in Slip Op. 93–145, 829 F.Supp. 1343 decided concurrently herewith, the 1984 letter ruling does not enter into the decision remanding the action.

Defendant's motion to strike is denied.