**WIN–TEX PRODUCTS, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**SLIP OP. 94–11.**
**Court No. 92–04–00302 (BN).**

United States Court of
International Trade.

Jan. 21, 1994.

Adduci, Mastriani, Schaumberg & Schill, Ralph H. Sheppard, Barbara A. Murphy, and Robert J. Leo, New York City, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., Dept. of Justice, Jeffrey M. Telep, Attorney; and J.C. Lowe, Atty. Advisor, Office of Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, for defendant.

### *OPINION AND ORDER*

NEWMAN, Senior Judge:

### *INTRODUCTION*

Before the court for decision is plaintiff's motion to compel the Department of Commerce ("Commerce") to consider certain evidence on remand of an antidumping duty order scope determination and to restrain Commerce's deficiency questionnaire and reference to a recent antidumping investigation in the Draft Results. Upon full consideration of plaintiff's motion and defendant's opposition, the court concludes that the motion must be denied.

### *BACKGROUND*

On October 4, 1983, Commerce issued an antidumping duty order, *Shop Towels of Cotton From the People's Republic of China; Antidumping Duty Order,* 48 Fed.Reg. 25,-277 (October 4, 1983) ("Order"). On March 12, 1991, plaintiff initiated a scope clarifica-

tion request at Commerce and sought a ruling excluding its shop towels, made of osnaburg fabric from the People's Republic of China ("PRC") but allegedly assembled and completed in Honduras, from the scope of the Order. After conducting a "scope proceeding," on March 31, 1992 Commerce issued its *Final Scope Ruling on the Request By Win–Tex Products, Inc. for Clarification of the Scope of the Antidumping Duty Order on Shop Towels of Cotton From the People's Republic of China* ("1992 Final Scope Ruling"). Commerce determined that plaintiff's shop towels fall within the scope of the Order. Such Order constitutes the final agency determination contested by plaintiff in this action.

In its 1992 Final Scope Ruling, Commerce determined that § 353.29(f) of the regulations, providing criteria for determining whether a product is assembled or completed in a third country and whether it should be included within the scope of the order, was not applicable. Finding that the product descriptions of the merchandise in the underlying antidumping duty investigation were dispositive in this case, Commerce determined that in accordance with § 353.29(i)(1) plaintiff's shop towels are within the scope of the Order.

In this action, commenced pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(A), plaintiff challenges Commerce's 1992 Final Scope Ruling, which is judicially reviewed on the administrative record in conformance with 19 U.S.C. § 1516a(b)(2)(A). At a previous stage of this litigation, plaintiff sought, unsuccessfully, to supplement the 1992 Final Scope Ruling administrative record with, *inter alia*, a 1984 scope ruling under the same Order. The 1984 ruling, reciting household use and retail channels of trade for Win–Tex' "Wipe–Eze Utility Towels," excluded such towels from the scope of the Order. In 797 F.Supp. 1025 (1992), the court denied plaintiff's motion to supplement the administrative record with the 1984 ruling.

Plaintiff thereafter filed a motion for judgment upon the administrative record, appended a copy of the 1984 scope ruling plaintiff had unsuccessfully sought to include in the 1992 Final Scope Ruling record, discussed it, and requested that the court take judicial notice of the 1984 ruling. Plaintiff further urged in its motion that the 1984 scope ruling was a binding administrative precedent "for the limited purpose of contradicting the current assertion of the Defendant that end use and retail sale [of plaintiff's shop towels] are irrelevant criteria for determining the scope of the Order."

In 829 F.Supp. 1349 (1993), the court denied defendant's motion to strike the 1984 ruling appended to plaintiff's motion for judgment on the administrative record. The court ruled that while it could take judicial notice of an unpublished administrative ruling or decision, like the 1984 letter ruling, the latter had no binding precedential effect in the current scope proceedings. The court explained:

[T]he 1984 letter ruling's precedential value for making a *Diversified Products [Corp. v. United States,* 572 F.Supp. 883 (1983) ] analysis under the Order, including end use and channels of trade, is seriously denigrated on its face by ITA's express declination to address any *Diversified Products* criteria and ITA's exclusion of the utility towels from the scope of the Order based simply on the agency's vague conclusory rationale that "these materials are not of the type included in the original petition, fair value investigation, or the ITC's injury investigation of Chinese cotton shop towel imports." *The 1984 letter ruling, involving differently described goods than those currently before the court, contains no definitive articulation of principle with reference to the relevance of use or channels of trade criteria under the Order.* Clearly, in view of the vague parameters of the 1984 ruling for a *Diversified Products* analysis, the prior ruling has no precedential value under the Order for anything other than the same merchandise and facts that were before the ITA in the 1984 scope inquiry.

829 F.Supp. at 1353 (emphasis added).

Additionally, on August 5, 1993 and concurrently with the decision in 829 F.Supp. 1349, the court in 829 F.Supp. 1343, held: (1) that in its 1992 Final Scope Ruling, Com-

merce was correct in not applying § 353.29(f) with respect to those shop towels that enter Honduras as pre-cut and pre-hemmed from PRC; (2) that Commerce improperly failed to consider § 353.29(f) and the *Able Textile* rationale relative to plaintiff's cut but unhemmed (unfinished) pieces of fabric and/or the uncut and unhemmed continuous length fabric imported into Honduras; (3) and that with respect to all of plaintiff's towels, Commerce improperly determined that the descriptions of the merchandise from the original antidumping investigation were "dispositive" within the purview of § 353.29(i)(1). Thus, the 1992 Final Scope Ruling was remanded to Commerce for reconsideration of all the facts of record in light of the criteria listed in § 353.29(f) (assembly or completion in third countries) or in § 353.29(i)(2) (*"Diversified Products"* criteria), as appropriate. *Id.* The remand proceedings are currently pending and the court is advised that Commerce has issued "Draft Final Results."

In 829 F.Supp. 1349, the court stressed that since the 1984 letter ruling has no precedential value under the Order in the current scope proceedings, such ruling "does not enter into the decision [concurrent 829 F.Supp. 1343] remanding the action." 829 F.Supp. at 1353.

### DISCUSSION

Despite the court's decisions adverse to plaintiff's contentions concerning the 1984 scope ruling, plaintiff now seeks an order compelling Commerce to fully consider in its remand proceedings the 1984 ruling as well as to incorporate the complete underlying record of the ruling into the administrative record of the remand proceedings. Plaintiff further requests that the court restrain Commerce from proceeding with a deficiency questionnaire and from making any reference in its Draft Results to its recent ruling in an antidumping shop towel investigation.

#### 1.

Defendant opposes plaintiff's motion on the ground that the court may review only final agency action and hence plaintiff's motion made prior to completion of the remand proceedings is premature; and also on the ground that the motion to compel consideration of evidence seeks in effect extraordinary relief in the nature of a writ of mandamus, which must be denied since plaintiff has an appropriate, adequate, and meaningful remedy by challenging Commerce's final remand results when issued.

While there is no dispute that the challenged 1992 Final Scope Ruling constitutes final agency action subject to judicial review, defendant asserts, in effect, that after remanding the case to Commerce, the court lost its power of judicial review in the case until after Commerce's completion of the remand proceedings. Defendant misapprehends the court's powers of review incident to and pending completion of remand proceedings.

It is well settled that an order of the court remanding a matter to an administrative agency for further findings and proceedings is itself interlocutory relief and that pending the completion of the remand proceedings by the agency, the case remains within the jurisdiction, control and supervision of the court issuing the remand order. The currently pending remand of the 1992 Final Scope Ruling is simply a non-final or interlocutory phase of the very same action brought by plaintiff contesting the 1992 Final Scope Ruling, concededly a challengeable final agency determination within the statutory scheme for judicial review.

*Cabot Corp. v. United States,* 788 F.2d 1539 (Fed.Cir.1986), specifically rejects the government's position that after remand, the Court of International Trade loses control over the agency's proceedings. A motion during the pendency of the remand proceeding for the purpose of compelling the agency to comply with the interlocutory remand order and court's instructions is clearly within the court's inherent power of review in order to implement its order. While there may not be a hiatus in the power judicial review pending completion of the remand, of course not every form of judicial relief requested by a party is necessarily appropriate.

## 2.

■ Plaintiff seeks an order requiring that on remand Commerce consider the 1984 scope ruling and compelling review of the complete administrative record of that ruling. The court, however, agrees with defendant that nothing in the court's remand order requires Commerce to consider the 1984 ruling or its underlying record. Indeed, as noted above, the court explicitly held that the 1984 scope ruling has no precedential value under the Order in the current proceedings, and therefore such ruling did not enter into the court's remand decision. The foregoing rulings are the law of the case and hence fully applicable to issues raised before the court during the remand proceedings. Accordingly, plaintiff's motion to compel Commerce to consider on remand the 1984 ruling and underlying record is denied.

## 3.

■ Plaintiff further complains that Commerce, four months after the remand order, issued a deficiency questionnaire (with regard to fabric cut, hemmed and finished in Honduras) of "questionable relevance to its remand responsibilities" and "not essential to the Department's consideration of whether the underlying [antidumping] order applies to * * * product which is cut, hemmed and finished in Honduras." Plft's brief at 3–4.

In support of the foregoing claims and plaintiff's request that defendant be restrained from demanding responses to the deficiency questionnaire, plaintiff cites as already establishing on the existing record that Honduras is the country of origin, the following: defendant's own "substantial transformation" test; Commerce's textile regulations, 19 C.F.R. § 12.130(d) and (e)(1); and Commerce's ruling in *Final Scope Ruling on the Request by Able Textile Corporation for Clarification of the Scope of the Antidumping Duty Order on Shop Towels from the People's Republic of China* (August 21, 1990). Plaintiff further seeks to be relieved of responding to the deficiency questionnaire on the totally unsubstantiated ground that a response would be financially burdensome to its resources and viability as a business.

There is nothing in the remand order precluding Commerce from requesting additional information it deems to be required to comply with the remand order's instructions to apply the criteria in either § 353.29(f) or § 353.29(i)(2), as appropriate. Plaintiff's request to restrain the deficiency questionnaire on the grounds that the information sought is not essential to completion of the remand and that responding to the questionnaire would be economically burdensome to plaintiff is denied.

## 4.

■ Plaintiff is also critical of Commerce's *proposed* adverse *Diversified Products* analysis in the Draft Results of the remand in that such analysis expands upon the original record of the 1992 Scope Ruling to embrace Commerce's recent antidumping investigation, *Shop Towels From Bangladesh*, Inv. No. 731–TA–514 (Final), USITC Pub. 2487 (March 1992). The short answer to the foregoing objection is that plaintiff's concern, so far as judicial review is concerned, premature and purely an anticipatory matter at this juncture. Commerce's proposed analysis as expressed in the contents of Draft Results are not subject to judicial review except in the form of, and to the extent incorporated in, the official final results of the remand proceedings reported to the court by the agency. As previously noted, such Final Results are still pending.

For the foregoing reasons, it is hereby ORDERED:

Plaintiff's application for an order compelling consideration by Commerce of certain evidence in the course of the pending remand proceedings, to restrain Commerce's deficiency questionnaire and reference in the Draft Results to a recent antidumping investigation is DENIED.[1]

---

1. On January 6, 1994, the court granted defendant's request for an extension of time for is-

suance of the results of remand to January 18, 1994.