**KERR–McGEE CHEMICAL CORP., et al., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

and

**China Hunan International Economic Development (Group) Corporation, China Metallurgical Import & Export Hunan Corporation, and Minmetals Precious & Rare Minerals Import & Export Corporation, Defendant–Intervenors.**

Slip Op. 97–150.
Court No. 96–02–00397.

United States Court of
International Trade.

Nov. 12, 1997.

Gardner, Carton & Douglas (W.N. Harrell Smith IV, George N. Grammas), Washington, DC, for plaintiffs Kerr–McGee Chemical Corporation and Elkem Metals Company.

Frank W. Hunger, Assistant Attorney General of the United States; David M. Cohen, Director, Jeanne E. Davidson, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Randi–Sue Rimerman), David J. Ross, Office of Chief Counsel for Import Administration, United States Department of Commerce, Of Counsel, Washington, DC, for defendant.

Dorsey & Whitney (Munford Page Hall, II, Philippe M. Bruno), Washington, DC, for defendant-intervenors China Hunan International Economic Development (Group) Corporation, China Metallurgical Import & Export Hunan Corporation, and Minmetals Precious & Rare Minerals Import & Export Corporation.

### OPINION

CARMAN, Chief Judge.

Before this Court is Defendant's Motion to Strike nine items from Plaintiffs' Reply to Defendant's Memorandum in Opposition to Plaintiffs' Motion for Judgment Upon the Administrative Record ("Plaintiffs' Reply") pursuant to U.S. CIT R. 12(f). Defendant argues these portions of Plaintiffs' Reply contain "evidence" and "argument" not presented to, or obtained by, the Department of Commerce ("Department" or "Commerce") during the course of the administrative review and are therefore not properly part of the record for review before this Court.

Plaintiffs oppose defendant's motion and argue they were denied due process in Commerce's *Notice of Final Determination of Sales at Less Than Fair Value: Manganese Metal From the People's Republic of China,* 60 Fed.Reg. 56,045 (Dep't Comm.1995) (*final determ.*). Defendant-intervenors filed no response to defendant's motion.

Plaintiffs additionally moved for Oral Argument on·Defendant's Motion to Strike, arguing oral argument is necessary for the parties to elaborate fully on the arguments made in the parties' submissions regarding Defendant's Motion to Strike. Neither defendant nor defendant-intervenors responded to Plaintiff's Motion for Oral Argument. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1581(c) (1988), and for the reasons set forth below, grants Defendant's Motion to Strike the nine items listed below of Plaintiff's Reply and denies Plaintiffs' Motion for Oral Argument on Defendant's Motion to Strike.

### DISCUSSION

The standard of review this Court must apply is whether a final determination by Commerce is supported by substantial evidence on the record and is otherwise in accordance with law. *See* 19 U.S.C. § 1516a(b)(1)(B)(i) (1994). For purposes of judicial review, the Court may consider only materials contained in the administrative record. *See Neuweg Fertigung GmbH v. United States,* 16 CIT 724, 726, 797 F.Supp. 1020, 1022 (1992). The administrative record is defined by statute to consist of:

> (i) a copy of all information *presented to or obtained* by the Secretary, the administering authority, or the Commission *during the course of the administrative proceeding,* including all governmental memoranda pertaining to the case and the record of ex parte meetings required to be kept by section 1677f(a)(3) of this title; and

> (ii) a copy of the determination, all transcripts or records of conferences or hearings, and all notices published in the Federal Register.

19 U.S.C. § 1516a(b)(2)(A) (1994) (emphasis added). The relevant legislative history sheds light on the meaning of the statutory

phrase "during the course of the administrative proceeding". It states:

> *Scope and Standard of Review.*—Judicial review of determinations subject to the provisions of subsection (a)(1) would proceed *upon the basis of information before the relevant decision-maker at the time the decision was rendered* including any information that has been compiled as part of the formal record. The court is not to conduct a trial *de novo* in reviewing such determinations.

S.Rep. No. 96–249 at 247–48 (1979), *reprinted in* 1979 U.S.C.C.A.N. 381, 633 (emphasis added).

In an earlier slip opinion in this case, this Court emphasized the statutory language cited above has been interpreted by this Court to mean that, barring exceptional circumstances, "'[t]he scope of the record for purposes of judicial review is based upon information which was "before the relevant decision-maker" and was presented and considered "at the time the decision was rendered."'" *Kerr–McGee Chemical Corp. v. United States*, 955 F.Supp. 1466, 1472 (CIT 1997) (denying Plaintiffs' Motion to Settle the Record) (quoting *Beker Industries Corp. v. United* States, 7 CIT 313, 315, 1984 WL 3727 (1984)). *See also Neuweg Fertigung GmbH*, 16 CIT at 726, 797 F.Supp. at 1022 ("The case law of this court is very clear that the administrative record 'is limited to the information that was presented to or obtained by the agency making the determination during the particular review proceeding for which section 1516 authorizes judicial review.' 'Any information received by [the ITA] after the particular determination at issue is not part of the reviewable administrative record.'") (citations omitted); *Win–Tex Products, Inc. v. United States*, 16 CIT 760, 763, 797 F.Supp. 1025, 1027 (1992) ("'[R]eview of agency determinations in antidumping proceedings is to be undertaken upon the basis of the record made before the agency.'") (citation omitted); *Rhone Poulenc, Inc. v. United States*, 13 CIT 218, 222, 710 F.Supp. 341, 345 (1989) ("Judicial review of an administrative review of an antidumping duty order is confined to information contained in the administrative rec-

ord."); *see generally PPG Industries, Inc. v. United States*, 13 CIT 183, 708 F.Supp. 1327 (1989) (judicial review is limited to evidence contained in the administrative record); *Melamine Chemicals, Inc. v. United States*, 2 CIT 113 (1981); *Nakajima All Co., Ltd. v. United States*, 2 CIT 25 (1981).

Defendant argues the nine items it wishes to strike from Plaintiff's Reply contain evidence or argument not presented to, or obtained by, the Department during the course of the administrative review as required by 19 U.S.C. § 1516a(b)(2)(A) (1994) and are, therefore, not properly part of the record for review before this Court. Defendant argues that notwithstanding this case law and precedent, plaintiffs have "again presented to this Court information and argument not presented to Commerce." (Def.'s Mot. to Strike at 5–6 (footnote omitted).) The nine items defendant wishes the Court to strike from Plaintiffs' Reply are:

1. The first paragraph on page 1, which continues to page 2.

2. The last paragraph on page 14, which continued to page 15.

3. The first full paragraph on page 15, which continues to page 17, including footnote 8.

4. The last paragraph on page 28, which continues to page 29.

5. The last paragraph on page 29, which continues to page 30.

6. The last paragraph on page 32, which continues to page 33.

7. The first paragraph on page 34, beginning with line 8 ("Plaintiffs can anticipate the expert submissions that might be made on remand . . ."), to the end of the paragraph.

8. The second half of clause (i) on page 37 ("those reporting the least use . . .").

9. The last paragraph on page 40.

In order to aid the Court in ruling on Defendant's Motion to Strike, the Court requested plaintiffs answer three questions with respect to each of the nine items at issue, and provided the defendant with a chance to respond to plaintiffs' answers. The questions presented by the Court were:

(1) With respect to each of the nine items that Defendant seeks to strike pursuant to its motion presently before the Court, is the information or argument on the record? If so, please provide a reference to the record or a copy of the relevant excerpt from the record.

(2) If the item is not on the record, did plaintiffs offer the information or argument to the Department? If plaintiffs offered the information or argument to the Department but the item is not on the record, please explain why it is not on the record.

(3) If the information or argument was not offered to the Department, do plaintiffs believe they were denied an opportunity to offer the information or argument, and if so, why?

(Pls.' Mem. in Resp. to Req. to Resp. to Certain Ques. from Ct. Rel. to Def.'s Mot. to Strike ("Pls.' Mem.") at 2.) The parties' responses to these questions result in a finding by this Court that each of the nine items cited by the defendant are not part of the administrative record for review and should therefore be stricken from Plaintiffs' Reply.

With respect to items one, two, three, seven and nine, plaintiffs admit theses items are not in the administrative record. The essence of plaintiffs' argument for including these items in the record is the contention plaintiffs were prejudiced when Commerce changed its selection of the surrogate ore utilized in the investigation from ore three, chosen in the *Preliminary Determination* to ore two, chosen in the *Final Determination.* Plaintiffs argue "they could not make arguments they should have been allowed to make and they could not introduce evidence ... that they should have been allowed to introduce." (Pls.' Mem. in Opp'n to Def.'s Mot. to Strike ("Pls.'s Opp'n") at 2.) Plaintiffs explain:

[i]t was for this reason only that Plaintiffs offered this Court a brief statement of some of the arguments that would have been made had the Department followed a lawful procedure

. . . .

... The examples of arguments of which Defendant complains were offered only to

show that the Department's procedure violated due process and was prejudicial.

(Pls.' Opp'n at 3,4.) This Court notes plaintiffs have not set forth exceptional circumstances to amend the record, such as where a document was considered by the agency and not included in the record. *See Suramerica de Aleaciones Laminadas, C.A. v. United States,* 14 CIT 366, 373–74 (1990), *vacated on other grounds,* 14 CIT 560, 746 F.Supp. 139 (1990), *and rev'd and remanded,* 966 F.2d 660 (Fed.Cir.1992), *and remanded to agency,* 17 CIT 146, 818 F.Supp. 348 (1993), *and opinion after remand to agency* 17 CIT 776, 841 F.Supp. 1220 (1993), *and aff'd,* 44 F.3d 978 (Fed.Cir.1994) (court considered evidence submitted to agency in rebuttal to corresponding information from party opponent on which agency at least in part expressly based determination before court for review); *Floral Trade Council v. United States,* 13 CIT 242, 709 F.Supp. 229 (1989) (where documents from earlier underlying investigations had been reviewed by Commerce in course of scope proceedings but excluded from administrative record for review, court held documents sufficiently intertwined with relevant inquiry were part of record for review); *see also Mitsuboshi Belting Ltd. v. United States,* 18 CIT 98 (1994) (court denied application to supplement record because plaintiffs had opportunity to submit information during review and situation could not be equated with "exceptional" or "rare" circumstance); *Hosiden Corp. v. United States,* 16 CIT 81 (1992) (motion to amend administrative record to remove doctor's report denied because agency examined report and report is thus properly part of administrative record); *Star–Kist Foods, Inc., v. United States,* 8 CIT 305, 600 F.Supp. 212 (1984) (plaintiff's motion to supplement administrative record denied because although contested documents were relevant to administrative proceeding below, they were never presented to or obtained by Commerce Department during its investigation).

Noting further plaintiffs' own acknowledgment that these items are not in the record, this Court grants defendant's motion to strike items one, two, three, seven and nine from Plaintiff's Reply. Moreover, this Court

**1166**

has already responded to plaintiffs' arguments they were denied an opportunity to contest Commerce's substitution of a surrogate ore. *See Kerr–McGee Chemical Corp.,* 955 F.Supp. at 1474–75 (Court denied plaintiffs' application to supplement record with comments regarding inappropriate ore selection after finding plaintiffs were on notice Commerce was considering ore two as surrogate long before it changed ores between preliminary and final determination).

While claiming items four, five and six are in the record, plaintiffs' support their position by citing to their own Reply in this motion as well as to pages in the administrative record that simply do not support their argument. Defendant's motion to strike items four, five and six from Plaintiff's Reply is granted.

As to item eight, plaintiffs acknowledge that it is not in the administrative record and cite to their own Memorandum in Opposition to Defendant's Motion to Strike. (*See* Pls.' Mem. in Opp'n to Def.'s Mot. to Strike at 9.) Plaintiffs offer no special circumstances to amend the record. Defendants motion to strike item eight from Plaintiffs' Reply is granted.

This Court denies Plaintiff's Motion for Oral Argument on Defendant's Motion to Strike, finding oral argument will not aid the Court in reaching a decision on Defendant's Motion to Strike.

### CONCLUSION

After considering the arguments of the parties in their motion papers, as well as the additional information supplied by the parties' responses to the three questions posed by the Court, this Court grants in its entirety Defendant's Motion to Strike items one, two, three, four, five, six, seven, eight and nine from Plaintiff's Reply. The nine items will not be considered as part of the administrative record in this proceeding. Accordingly, they will not be considered by this Court as a part of the record on appeal.

### ORDER

Upon due consideration of the motion submitted by defendant and the opposition thereto, and upon all of the papers submitted herein by the parties and upon due deliberation, it is hereby

**ORDERED** that Defendant's Motion to Strike the nine items of Plaintiff's Reply listed in the above slip opinion is granted in its entirety. The nine items will not be considered as part of the administrative record in this proceeding. Accordingly, they will not be considered by this Court as a part of the record on appeal; and it is further

**ORDERED** that Plaintiffs' Motion for Oral Argument on Defendant's Motion to Strike is denied.